## National Novelty Import Company v. Ingram.

(Decided May 28, 1926.)

### Appeal from Pulaski Circuit Court.

Sales—Where Buyer of Jewelry Declined to Accept and Pay for it After it was Shipped to Him, Seller could Retain Property for Buyer and Sue for Contract Price.—Where buyer of assorted jewelry declined to accept and pay for it after it was shipped to him, seller held entitled to retain property for buyer and sue for contract price.

BEN V. SMITH & SON for appellant.

J. W. COLYAR for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER.—Reversing.

The appellant, whom we will call the plaintiff, sued the appellee, whom we will call the defendant, for $298.00. It was unsucceessful, and has filed a motion for an appeal. On May 15, 1922, the defendant signed a written contract by which he purchased from the plaintiff a lot of assorted jewelry amounting to $298.00, which plaintiff shipped by express to the defendant at Eubank, Kentucky. The defendant refused to receive the goods or to

pay therefor, and on September 12, plaintiff began this action against defendant on the contract. In October, 1922, the express company notified plaintiff that this shipment had been refused and in this notice the agent said: "I have instructions to send to 'on hand sale.' If you are interested advise your disposition at once." In order to save the goods from being sacrificed for these charges, the plaintiff instructed the agent at Eubank to return the goods to it, and it placed these goods in storage with the Metropolitan Discount Company, for the benefit of defendant, and subject to his orders, so it claims. After these goods were returned, defendant filed an answer in which he alleged that they were returned without his knowledge or consent; that the plaintiff since has had custody and control of same; that defendant has received no benefit in any way whatever from the jewelry, and therefore he asked to be dismissed with julgment for his costs. To that answer, plaintiff filed reply in which it set up the circumstances under which this jewelry was shipped to St. Louis and stored. The defendant demurred to this reply. The court sustained the demurrer and dismissed plaintiff's petition. This court has said in the case of Lamb v. White, 204 Ky. 557, 264 S. W. 1113:

"The general rule is, that when a buyer of specific personal property declines to accept and pay for the property purchased, the seller has a choice of three remedies: first, he may retain the property for the buyer, and sue him for the contract price . . ."

This the plaintiff did, and the court should not have dismissed its petition. The motion for an appeal is granted. The judgment is reversed.